# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

HERBERT JOHNSON, Executor, etc., of NATHANIEL JOHNSON, Deceased, Plaintiff, v. ABIJAH GILBERT, Impleaded with GEORGE W. TUTTLE, Defendant.

*Bond of indemnity to sheriff, on seizure of goods — "to keep, bear harmless and indemnify" — judgment against sheriff for such seizure — constitutes a breach thereof — Sheriff need not pay judgment before suing on bond.*

Motion for a new trial on exceptions, ordered to be heard in the first instance at the General Term.

This action was brought upon a bond of indemnity, executed by the defendants to Gamaliel Benjamin, sheriff of Allegany county, and assigned to plaintiff's testator. The condition of the bond was: "That if the obligors shall well and truly keep and bear harmless and indemnify the said sheriff and his deputies, and all and every person and persons who have aided or assisted said sheriff in seizing said goods and chattels, or in selling the same, or who shall hereafter aid and assist said sheriff in keeping possession of the same, or in removing said goods and chattels or in selling the same (if the said sheriff shall be ordered to do so in pursuance of an order of said judge), of and from all harm, let, trouble, damages, costs, suits, actions, judgments and executions that then, or may at any time arise, come or be brought against him, them or any of them, etc., then said obligation to be void," etc.

The plaintiff showed, upon the trial, the recovery of a judgment against the sheriff for the seizing and taking possession of the said goods and chattels mentioned in the condition of the said bond.

The court at General Term say: "This was a clear breach of the bond, and entitled the plaintiff to maintain the action thereon within the cases of *Bancroft* v. *Winspear* (44 Barb., 209); *Chace*

v. *Hinman* (8 Wend., 452); *Rockfeller* v. *Donnelly* (8 Cow., 628), and *Gilbert* v. *Wiman* (1 Comst., 561).

The defendants, by the terms of the condition, were to '*keep, bear harmless,* and *indemnify,* of and from all harm, let, trouble, damages, costs, suits, actions, judgments and executions.'

Certainly, when an action or suit was brought and proceeded to judgment and execution, the condition was broken, and a right of action was immediately given to the sheriff. It was not the intent of the parties that the sheriff should pay such judgment before he could commence an action on the said bond."

*Hart & McGuire,* for the plaintiff. *George S. Jones,* for the defendant.

Opinion by SMITH, J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

New trial denied, and judgment ordered for plaintiff on verdict.